UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>  Defendants. | Case No. 6:24-cv-348-JDK |

**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff and Defendants, having conferred since the Court issued its March 13, 2025 Memorandum Opinion and Order granting Plaintiff's Motion for Stay of Agency Action, ECF No. 30 ("Stay Order"), jointly and respectfully request that the Court convert its Stay Order into a final judgment. In support of this joint motion, the parties state the following:

1.  This case concerns an Administrative Procedure Act ("APA") challenge to a Final Rule promulgated by Defendant United States Department of Health and Human Services ("HHS") titled Designated Placement Requirements Under Titles IV-E and IV-B for LGBTQI+ Children, 89 Fed. Reg. 34,818 (Apr. 30, 2024) ("the Rule"). *See* ECF No. 1.

2.  Plaintiff filed its Complaint against Defendants on September 24, 2024, alleging that the Rule exceeds HHS's statutory authority (Count I), is arbitrary and capricious (Count II), and violates the Constitution's Spending Clause (Count III). *Id.* ¶¶ 74–99. On December 6, 2024, Plaintiff moved for a stay of the Rule's effective date under 5 U.S.C. § 705, which Defendants opposed. ECF No. 19 ("Stay Motion"); ECF No. 22; ECF No. 25. The Court held a hearing on Plaintiff's Stay Motion on January 16, 2025, and subsequently took the Motion under advisement. *See* ECF No. 27.

3.  On March 13, 2025, the Court issued a Memorandum Opinion and Order granting Plaintiff's Stay Motion and staying the Rule's effective date "pending conclusion of this proceeding."

1

ECF No. 30 at 3. In its Stay Order, the Court concluded in relevant part that Plaintiff was "likely to succeed on the merits" of its claim that "HHS lacked statutory authority to promulgate the Final Rule" and that the Rule is "contrary to law." *Id.* at 7. More specifically, the Court found that "HHS lacks explicit Congressional authority justifying the Final Rule" and that the Rule "conflicts with the text of Title IV-E." *Id.* at 13, 18.[1]

4.    After the Court entered its Stay Order, the parties filed a Joint Report regarding additional proceedings in this case, ECF No. 34, and the Court entered a Scheduling Order on April 23, 2025, ECF No. 35.

5.    Since the entry of the Court's Stay Order, the parties have conferred about appropriate next steps in this case that will best serve the interests of judicial economy. Based on those discussions, and in light of the reasoning and legal conclusions reached in the Court's Stay Order, the parties agree that the most efficient course of action in this case is for the Court to enter a final judgment that is consistent with the Court's Stay Order. *Cf. FTC v. Assail, Inc.*, 98 F. App'x 316, 317 (5th Cir. 2004) (noting that district courts "ha[ve] the power to convert" preliminary relief into permanent relief).

Indeed, the Court has concluded that Plaintiff is likely to succeed on the merits of its claim that the Rule is contrary to law and that HHS lacked the authority to promulgate it. *See* ECF No. 30 at 7. If the parties were to proceed to summary judgment, producing an administrative record would have little to no bearing on the issues of statutory interpretation on which the Court's conclusions in its Stay Order are based. And the Court has already rejected the multiple arguments Defendants advanced in support of the position that the Rule is consistent with the statutes governing the Titles IV-E and IV-B programs and HHS's statutory authority. *See* ECF No. 22 at 13–18. Because it is thus highly unlikely that further dispositive motion practice will change the outcome of this case, the parties agree that entry of final judgment is warranted. *See Me. Republican Party v. Dunlap*, No. 1:18-cv-179, 2018 WL 11183911, at *1 (D. Me. Aug. 3, 2018) (noting that a district court "can convert" an

---

[1] The Court noted in its Stay Order that because Plaintiff "demonstrate[d] a likelihood of success" on its contrary-to-law claim (Count I), the Court did not need to reach Plaintiff's arbitrary-and-capricious and Spending Clause claims. ECF No. 30 at 7 n.1.

order denying preliminary relief into a final judgment where an additional evidentiary hearing "would serve little purpose" (citing *The Shell Co. (Puerto Rico) Ltd. v. Los Frailes Serv. Station, Inc.*, 605 F.3d 10, 19 n.4 (1st Cir. 2010)); *NA Main Street LLC v. Allen*, No. 1:20-cv-1335, 2021 WL 1251383, at *1 (S.D. Ind. Apr. 5, 2021) (explaining that a district court "may convert" an order granting preliminary relief into a final judgment where doing so would "avoid the 'needless duplication of proceedings'" (quoting *Penn Cent. Corp. v. U.S. R.R. Vest Corp.*, 955 F.2d 1158, 1164 (7th Cir. 1992)); *cf. Ecolab, Inc. v. Morisette*, 879 F.2d 325, 327 (8th Cir. 1989) (finding that it was proper for a district court to enter a final judgment following its denial of a preliminary injunction where the claims at issue were based purely on questions of law).

6. Furthermore, in light of their request that the Court enter a final judgment, the parties also request that the Court vacate any remaining deadlines in this case, including Defendants' deadline to respond to Plaintiff's Complaint, *see* ECF No. 33, and the deadlines set forth in the Court's Scheduling Order, ECF No. 35.

7. For the foregoing reasons, the parties respectfully request that the Court convert its Stay Order into a final judgment by entering the attached proposed final judgment.[2]

---

[2] The proposed final judgment provides that the Rule be vacated pursuant to 5 U.S.C. § 706. It is the position of the Department of Justice that the APA does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy, then like all equitable remedies, such relief must be subject to traditional equitable limitations, including the principle of party-specific relief. The Department acknowledges, however, that there is substantial authority opposing this position in some circuits, including the Fifth Circuit, though the Supreme Court has not ruled on the issue. In jointly requesting with Plaintiff that the Court enter the parties' proposed final judgment, the Department agrees not to pursue this position in this case, but it reserves the right to continue to advance this position in other cases.

DATED: June 11, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

/s/ Zachary W. Sherwood
ZACHARY W. SHERWOOD
(IN Bar No. 37147-49)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8467
Fax: (202) 616-8470
Email:  zachary.w.sherwood@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ Zachary L. Rhines
ZACHARY L. RHINES
Special Counsel
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

KYLE S. TEBO
Special Counsel
Texas State Bar No. 24137691
kyle.tebo@oag.texas.gov

OFFICE OF THE TEXAS ATTORNEY GENERAL
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

COUNSEL FOR STATE OF TEXAS

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the parties conferred via email on May 27, 2025, and June 3, 2025, and agreed to jointly move for the relief requested in this motion.

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD

## **CERTIFICATE OF SERVICE**

On June 11, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
